DOETSCH *v.* WETLAUFER.

1. MECHANICS' LIENS—VALUE OF WORK.
   On a question of fact as to the sum due contractors who failed to complete their contract at an agreed price, the value of the work done is fixed by the court at $95.

2. SAME—BURDEN OF PROOF.
   In a suit to establish the amount of a mechanics' lien, the burden is on the complainant to show the value of the labor and materials furnished.

Appeal from Wayne; Donovan, J. Submitted April 9, 1909. (Docket No. 28.) Decided June 7, 1909.

Bill by Frank J. Doetsch and Frederick J. Morgan, copartners as Doetsch & Morgan, against Louis Wetlaufer and Louis Rehberg to enforce a mechanics' lien. From a decree for complainants, defendants appeal. Modified.

*Felix A. Doetsch* and *James S. Doyle,* for complainants.

*James H. Pound,* for defendants.

OSTRANDER, J. This is an appeal from a decree establishing the amount of a mechanic's lien. Complainants are subcontractors who agreed to do certain plumbing and gas fitting, and to furnish one 5-foot bath tub second, one washstand, one 18x30 sink and back, one 30-gallon boiler and stand, one No. 5 Garland gas heater, one low-down closet, 12 gas openings, one ⅜ water connection, for the sum of $170. The principal contractor did not finish the building. At the time he stopped work the complainants had in part performed their work, and they claim in their bill that what they did and what they furnished was worth $132.75. They had furnished none of the fixtures above enumerated, but had done such work as could be done before the house was plastered. It cost defendants

$110 to complete what complainants had contracted to do. The decree is for $137.

As it is conceded that complainants should be paid for what they did and for what they furnished, the only question presented is one of fact. Complainants produced an itemized statement of the materials furnished and of labor performed and the value thereof, and testified to the reasonableness of the charges. This statement is not in the record. Defendants produced testimony tending to prove that complainants were entitled to no more than from $60 to $70, but they did not attack any particular item of complainants' account. In this court, as in the court below, complainants are required to establish their demand. They have not satisfied us that it should be found to be $132.75. Assuming that the contract was taken at a fair price, and there is no testimony to the contrary, it seems incredible that the fixtures called for by the contract and the labor of setting and connecting them should be worth no more than $38, especially when defendants were required to pay $110 to secure them, and the testimony to the effect that $110 was a reasonable price is not directly disputed. On the other hand, we deem it unfair to them to accept the sum of $110 as the cost to them of completing the work. Defendants once offered to pay them $75 and to have the work which had been done appraised and to pay such additional sum up to $20 as the appraisement showed the work to be worth. We are satisfied that what complainants did was worth no more than $95, and, while it is doubtful if it was worth quite so much, we shall establish their lien for that amount. Upon this sum they should receive interest at 5 per cent. from October 19, 1907, the date of filing their lien.

The decree below will be modified. Neither party will recover costs of this appeal.

BLAIR, C. J., and MOORE, MCALVAY, and BROOKE, JJ., concurred.